# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANTHONY MARTIN, Inmate #N80728,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-262-DRH** |
| | ) | |
| **JOHN EVANS, ROGER E. WALKER,** | ) | |
| **AND UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

### FACTUAL ALLEGATIONS

Plaintiff states that he was released from Illinois Department of Corrections custody on parole on December 19, 2003. He was placed on home monitoring during his parole. At some unspecified time during his parole, Plaintiff became unconscious while riding a bus and had to be taken to a hospital. Because Plaintiff was not allowed to "go anywhere without permission," his Parole Agent (an unnamed defendant) and his Parole Agent's supervisor (an unnamed defendant) recommended that Plaintiff's parole be revoked. During his parole revocation hearing, unnamed defendants refused to make Plaintiff's medical records part of the evidence in the record. Plaintiff claims that as a result of that denial, he received an unfair hearing.

Habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Even where a plaintiff seeks damages, habeas is still the only remedy when a ruling in his favor would call into question his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994). More specifically, habeas is the proper method for challenging constitutional deficiencies in a parole revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471 (1972) (constitutional review of parole revocation proceedings brought in habeas); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977) (challenges to conditions of parole must be brought in habeas corpus action). Before petitioning for a writ of habeas corpus, however, a plaintiff must first exhaust his state remedies. *Id.* A writ of mandamus in Illinois state court is the proper avenue for constitutional challenges to a parole revocation

proceeding.  *See Lee v. Findley*, 835 N.E.2d 985, 987 (Ill. App. 2005).  Based on these legal standards, this action must be dismissed.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** without prejudice to Plaintiff's refiling the claim in a petition for habeas corpus pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies.

**IT IS SO ORDERED.**

**DATED:** September 19, 2006.


/s/   David  RHerndon
**DISTRICT JUDGE**